# Lewis *v.* Faber.

*Action on Promissory Note, by Indorsee against Maker.*

1.  *Set-off by maker, against payee of note; when available against assignee.* A bank debtor having transferred to the bank, as collateral security, a note held by him against a third person ; and his surety having paid the debt to the bank, and taken from the bank, by agreement with him, an assignment of the note held as collateral; *held,* in an action on the note by the surety, that the maker could not set off a demand against the payee, or principal debtor, acquired after notice of the transfer to the bank : that the assignment to the surety related back to the time when the note was transferred to the bank, and clothed the assignee with the rights then held by the bank, against which subsequent equities could not be asserted.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

GUNTER & BLAKEY, for appellant.

SAYRE & GRAVES, *contra.*

SOMERVILLE, J.—The only question raised by the assignments of error, and the rulings of the Circuit Court in this case, is, the right of the appellant, who was defendant in the lower court, to set off against the plaintiff (the appellee) a claim held by him (the defendant) against Munter & Brother, who had assigned to said plaintiff the note sued on in this action. Faber was surety for Munter & Brother, on a debt due by them to the Merchants' & Planters' Bank. To secure this debt, the Munters transferred to the bank a note due by Lewis, the appellant. Lewis, after receiving notice of the assignment, as the evidence tended to show, purchased the claim against Munter & Brother, which he seeks to use as a set-off in this case. Faber advanced the money to pay the bank debt, and, in accordance with an agreement previously made with Munter, had the collateral transferred by the bank to himself. The bank obtained Lewis' note as a collateral, before Lewis acquired the pro-

[Caldwell v. Dunklin.]

posed set-off; but the title of Faber was subsequent thereto.

We think the Circuit Court was correct, in ruling that, under this state of facts, the set-off could not be allowed. The transfer of Lewis' note to the bank, as collateral security for Munter's indebtedness, clearly prevented the setting off of any claim afterwards required by Lewis.—Waterman on Set-Off, § 42. When Faber advanced the money to pay this debt, upon which he was surety, he became entitled, by express agreement with the parties, to the interest of the bank, and to that of the Munters, in this claim ; and this assignment would relate back to the date of its transfer to the bank. Faber could have coerced such assignment, by bill in equity, upon the principle of subrogation ; and it is a sound rule, that a court of law will always ratify that which is done by consent of parties, if the same result would have been compelled or sanctioned by a court of equity. Law, thus far, regards equity, as equity is said always to follow the law.

There is no error in the rulings of the Circuit Court, and the judgment is affirmed.